UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:23-CR-00047-DCLC-CRW-3 |
| | ) | |
| v. | ) | |
| | ) | |
| DELONDA DANIELLE SWARTZ, *et. al* | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter came before the Court on Defendant Delonda Swartz's motion to suppress in which she seeks to suppress evidence seized during the execution of a search warrant of a hotel room in which she was staying [Doc. 97]. On February 29, 2024, the Court heard parties' arguments on this matter. For the reasons provided herein, Defendant's Motion to Suppress [Doc. 97] is **DENIED**.

I.  **THE AFFIDAVIT**

In addressing a motion to suppress evidence obtained from the execution of a search warrant, "[t]he review of the sufficiency of the evidence supporting probable cause is limited to the information presented in the four corners of the affidavit." *United States v. Berry*, 565 F.3d 332, 338 (6th Cir. 2009). The affidavit included, in part, the following pertinent facts:

> On April 12th 2022, your Affiant was contacted by the Drug Enforcement Agency (DEA), Task Force Officer (TFO) Brandon Johnson about an on-going methamphetamine conspiracy case involving Delonda Swartz also known as "D". Affiant was told by TFO Brandon Johnson that on today's date they observed a vehicle of interest at the Double Tree Hotel, 211 Mockingbird Lane, Johnson City, Tennessee. The vehicle stayed a short amount of time and departed. Shortly after the vehicle left, surveillance was conducted on it by Agents and Task Force Officers of the Drug Enforcement Agency (DEA). The vehicle was eventually stopped by the Tennessee Highway Patrol. During the traffic stop, it was discovered that the driver, confidential source (CS-1), was found to be in possession of approximately

1

a half-pound of methamphetamine. CS-1 was then debriefed and during this he/she stated that they were instructed by a female, CS-1 knew as "D" to come to room 213 to purchase methamphetamine. CS-1 also stated that while in the room with "D" they observed methamphetamine, what they thought was powder cocaine, an empty holster, and a large amount of US currency.

After the debrief CS-1, Special Agent (SA) Conerly of the Drug Enforcement Agency went to the Double Tree Hotel, 211 Mockingbird Lane, Johnson City. SA Conerly then confirmed that "D" or who Agents know as Delonda Swartz was staying in room 213 and the room was rented by her. Affiant was also informed by TFO Johnson that Delonda Swartz was in possession of a firearm and has made threats to "shoot it out" with law enforcement if she was apprehended.

Delonda Swartz has been arrested on several occasions for methamphetamine and Swartz has been named in several debriefs for possessing and selling quantities of methamphetamine.

[Doc. 97-1, pg. 4].

## II. PARTIES' POSITIONS

Defendant argues that the affidavit lacks probable cause to support the issuance of the April 12, 2022, search warrant of room 213 [Doc. 97]. She describes the factual allegations in the affidavit as "vague and stale" and argues that there was no substantial basis for concluding that probable cause existed based on the affidavit [Doc. 97, pg. 5]. Defendant claims the affidavit was little more than "bare bones." Defendant argues that reference to Defendant's previous methamphetamine arrests was stale information as it provided no reference as to when those arrests occurred and that CS-1's allegations regarding Defendant engaging in drug sales were not corroborated. As a result, Defendant argues that the evidence seized during the search of room 213 should be suppressed based on the exclusionary rule [Doc. 97, pg. 8]. She argues that no exception to the exclusionary rule applies because a well-trained officer would know that there was not sufficient authority to conduct a search [Doc. 97, pg. 9].

The United States ("the Government") responds that the search warrant affidavit contained probable cause that a crime was being committed and the location of the criminal activity. The

Government argues that the affidavit contains sufficient independent corroboration of CS-1's allegations. The Government responds that even if the Court were to determine the affidavit lacks probable cause to support the search warrant, the good-faith exception prevents the exclusion of the evidence [Doc. 107, pg. 6]. The Government argues that the warrant is not bare bones, and officer's reliance on the warrant was objectively reasonable.

### III.  ANALYSIS

### A.  Probable Cause

The Fourth Amendment provides that a search warrant must be supported by probable cause. U.S. CONST. amend. IV. An affidavit contains probable cause when it establishes "a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Hines*, 885 F.3d 919, 923 (6th Cir. 2018) (quoting *United States v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2009) (internal quotations and citations omitted)). "With great deference toward the issuing judge's determination, federal courts examine the affidavit's four corners to determine whether, under the totality of the circumstances, the low bar of probable cause has been overcome." *United States v. Moore*, 999 F.3d 993, 996 (6th Cir. 2021) (citing *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006)). An affidavit including a tip from an informant containing "little information concerning an informant's reliability may support a finding of probable cause, under the totality of the circumstances, if it includes sufficient corroborating information." *United States v. Woosley*, 361 F.3d 924, 927 (6th Cir. 2004).

Here, the search warrant affidavit contains the exact location and a detailed description of the criminal activity occurring at that location. Investigator Stillwagon noted in his affidavit that law enforcement observe a car at the DoubleTree Hotel on April 12th, the same day he secured the search warrant, that it stayed a short time there, that at a traffic stop, officers discovered almost a

3

half-pound of methamphetamine on the driver, that the driver identified a female she knew as "D" as their source of supply, and that "D" had instructed the driver to come to room 213 at the DoubleTree Hotel to purchase methamphetamine, that agents knew "D" as Delonda Swartz, who was a part of an active methamphetamine investigation they were conducting. The driver also claimed to have seen methamphetamine, powder cocaine, an empty holster, and a large amount of U.S. currency in that very room. A DEA agent confirmed that "D" had rented room 213.

While the affidavit contained "little information about [CS-1's] reliability," it included sufficient corroborating information, under the totality of the circumstances, to support a finding of probable cause. *United States v. Woosley*, 361 F.3d 924, 927 (6th Cir. 2004). Officers confirmed CS-1 had been at the DoubleTree Hotel. Officers found almost a half-pound of methamphetamine on CS-1, who represented they obtained the methamphetamine from a female named "D." Officers knew "D" as Delonda Swartz, who was involved in an on-going methamphetamine investigation. CS-1 advised law enforcement that "D" had instructed CS-1 to come to room 213 to purchase methamphetamine, and officers confirmed the person they knew as "D" had, in fact, rented room 213. The Court finds sufficient corroboration of CS-1's representations regarding on-going criminal activity in room 213 to support a finding of probable cause.

Defendant claims some of this information was just too stale to be reliable. To be sure, Investigator Stillwagon did not state when Defendant had been arrested or named in prior debriefings. But that was not all the information contained in the affidavit. Although additional information about the timing of those events may have been useful, its absence does not change the Court's assessment that the affidavit otherwise established "a fair probability that evidence of a crime will be located on the premises of the proposed search." *Hines*, 885 F.3d at 923.

**B.    Exclusionary Rule**

Although the Court finds the affidavit contains probable cause to support the search warrant, the Court notes that even if the affidavit lacked probable cause, it would not change the result.  As noted, the Fourth Amendment mandates search warrants be supported by probable cause.  To uphold this requirement, "the Supreme Court created the exclusionary rule." *United States v. O'Neill*, No. 22-3793, 2024 WL 862161, at *4 (6th Cir. Feb. 29, 2024) (quoting *United States v. Moorehead*, 912 F.3d 963, 967 (6th Cir. 2019)).  The exclusionary rule generally "bars the government from admitting incriminating evidence at a defendant's trial if the police violated the Fourth Amendment when discovering the evidence." *United States v. Reed*, 993 F.3d 441, 450 (6th Cir. 2021) (citing *Mapp v. Ohio*, 367 U.S. 643, 654 (1961)).  But the exclusionary rule is limited to those situations where the "officers' reliance on the warrant was not objectively reasonable." *Id.*

Defendant claims the officer's reliance on the search warrant was not objectively reasonable because the affidavit was "relatively bare bones." [Doc. 97, pg. 9].  A "bare bones" affidavit is one "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *O'Neill*, 2024 WL 862161, at *4 (citations omitted).  "To avoid the 'bare bones' label, the affidavit must contain 'more than 'suspicions, or conclusions'; it must provide 'some underlying factual circumstances regarding veracity, reliability, and basis of knowledge.'" *United States v. Helton*, 35 F.4th 511, 522 (6th Cir. 2022) (quoting *United States v. Christian*, 925 F.3d 305, 312 (6th Cir. 2019) (en banc).

The affidavit in this case is not a "bare bones" affidavit because it "contains sufficient factual content that, when read in a holistic, common-sense manner, establishes a 'minimally sufficient nexus' between defendant's drug-distribution activity and [her hotel room]." *White*, 874

5

F.3d at 506. As already discussed, the affidavit was more than just the officer's conclusions but provided specific facts supporting why he believed probable cause existed to search room 213. Thus, even if probable cause is lacking here, the officer's reliance on the search warrant was objectively reasonable.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, Defendant's Motion to Suppress [Doc. 97] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge
